# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0335, <u>State of New Hampshire v. Stephan Condodemetraky</u>, the court on September 21, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Stephan Condodemetraky, appeals his conviction, following a jury trial, of theft by unauthorized taking. <u>See</u> RSA 637:3 (2016). He argues that the Superior Court (<u>Schulman</u>, J.) erred in denying his motion to dismiss, asserting that the evidence was insufficient to prove that the proceeds of the consignment sale were the "property of another" as defined in the statute.

The record shows that on July 13, 2015, the owner of a 1941 Buick car entered into a consignment agreement with the defendant's company pursuant to which the vehicle owner granted the defendant the exclusive right to sell it, and the defendant agreed to devote his best efforts to the sale. The defendant agreed to provide the owner with the proceeds of the sale, less a 10 percent consignment fee and certain authorized expenses, together with a detailed invoice, "once the proceeds of the sale of the vehicle are received." In August 2015, the defendant sold the vehicle for $21,000 and received payment in full, but he did not provide the owner with an invoice until October 20, 2015. The invoice stated that the vehicle had sold for $20,500, and that the owner would receive $17,854.30, after deductions for the commission and certain repairs. However, the defendant sent the owner a check for only $10,000. Over the following several months, the owner's son communicated with the defendant regarding the remaining proceeds from the sale of the vehicle. On March 11, 2016, the defendant sent the owner a second invoice, this time listing additional charges, including a $5,978.12 "marketing charge." The consignment agreement contained no language regarding a "marketing charge." On March 11, 2016, the defendant sent the owner a check for $500. The owner filed a small claims complaint and contacted the Attorney General's Office.

"To prevail upon his challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence

and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt." State v. Fandozzi, 159 N.H. 773, 782 (2010). A person commits the crime of theft by unauthorized taking "if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof." RSA 637:3. The State contends that the defendant exercised unauthorized control over the unremitted proceeds from the sale of the vehicle, with the intent to deprive the owner of them. The defendant argues that the trial court erred in denying his motion to dismiss because the proceeds from the sale of the vehicle were not "property of another" as defined in RSA 637:2, IV (2016).

RSA 637:2, IV defines "[p]roperty of another," as "property in which any person other than the actor has an interest which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property." RSA 637:2, IV contains an exemption for any "[p]roperty in possession of the actor" in which the other person "has only a security interest." The defendant argues that the exemption applies in this case because the consignment agreement granted the owner a security interest in the vehicle. A security interest is "a property interest created by agreement or by operation of law to secure performance of an obligation (especially repayment of a debt)." State v. Collyns, 166 N.H. 514, 518 (2014) (brackets and quotation omitted). A security agreement is "an agreement that creates or provides for an interest in specified real or personal property to guarantee the performance of an obligation." Id. (brackets and quotation omitted). The State counters that the agreement does not create a security interest because there was no obligation to secure. See ACG Credit Co. v. Gill, 152 N.H. 260, 263 (2005) (concluding transaction did not create security interest because there was no underlying obligation). The defendant argues that the agreement secured his obligation to use his best efforts to sell the vehicle.

We are not persuaded that the consignment agreement created a security interest in the vehicle or in the proceeds from its sale. The agreement contains no language creating or providing the owner with any security interest. The defendant listed the owner as an unsecured creditor in his company's bankruptcy schedules. Even assuming, without deciding, that the owner had a security interest in the vehicle, the exemption applies when the owner "has only a security interest" in the property, and the record in this case shows that the owner had more than a security interest in the vehicle. For example, the owner had the right to terminate the consignment agreement with 10 days' notice and to regain possession of the vehicle, even if the defendant was using his best efforts to sell it. Accordingly, we conclude that the evidence was

2

sufficient to prove that the proceeds of the consignment sale were the "property of another" as defined in RSA 637:2, IV.  See State v. Fandozzi, 159 N.H. at 782.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**